Wm. Pollard's Heirs *v.* Jas. Morrison's Adm'r.

**Parties—Pleadings—Recovery of Real Estate—Ejectment.**
> No default can be taken against persons named only in the body of the complaint.

**Pleadings.**
> Pleading which seeks to recover land must describe it with reasonable certainty. An averment that plaintiff is the owner of 31,000 acres of land, except six thousand acres previously sold, but which does not describe the six thousand acres, is insufficient.

APPEAL FROM HART CIRCUIT COURT.

September 12, 1874.

OPINION BY JUDGE PRYOR:

It having been heretofore decided on motion of the appellee that the unknown heirs of Pollard, Steel and Rolston, were not before the court, the only appellants left in the case are Pickett, O. E. Clark, W. S. Caswell, William Tharp, James C. Loyden, Q. James, and B. West. These appellants, except Tharp, were not parties to the action for the reason that their names are not found in the caption. The code of practice requires that the petition must contain the style of the action, consisting of the names of all the parties thereto, distinguishing them as plaintiffs and defendants. This has not been done in the present action and a judgment by default should not have been rendered against those whose names appear in the body of the petition only. Tharp, however, filed an answer, and this made him a party defendant. The action is in the nature of a bill *quia timet*, as well as for the recovery of the land in controversy. The petition claims that the appellee is the owner of 31,000 acres of land, except six thousand acres previously sold, lying within the patent boundary. There is no allegation in the petition that the portion of the land sold is not in the possession of the defendants, or that their possession is outside of the part sold, and within or on that portion of the patent boundary belonging to the appellee. No description or

location of the land sold, and to which the appellee asserts no claim, is given in the petition, or any description of that part of the land occupied by those from whom it is sought to be recovered. So far as appears from this record, the appellants may be in the possession of that part of the patent boundary heretofore sold by the appellee. The sheriff, in executing his writ of *habeas facias*, or the commissioner, in making his deed to perfect the title, is left to determine the question of boundary as well as the right of possession. It is alleged that leases have been made on this land also; and before these parties can be ejected, or a recovery had, the appellee must designate that portion of the land sold, so as to distinguish it from that part of the boundary claimed by him, and should also describe that part of the land ocupied by the tenants under written leases, who are now holding over. This is necessary in order that the appellants may make their defense, if they have any, and to enable the commissioner and sheriff to comply with the directions of the judgment in executing the deed and delivering possession. It is true that in the action of ejectment the plaintiff might take his judgment and have the writ of possession executed at his peril; but under the present practise, and particularly in a proceeding like this, to perfect the title and obtain the possession, no such practise is allowed. The judgment rendered is for too much land. The petition admits the sale of six thousand acres, and the judgment is for the whole boundary, except four thousand acres. Nor has the appellee manifested his right to recover upon the facts presented, even if by reason of his having qualified as administrator with the will annexed, he is invested with the legal or equitable title, a question we do not now decide. There is nothing in the record showing that two of the parties left as executors failed to qualify, or if they did qualify, that they have surrendered the trust. Other errors appear in the record; but as the case must go back for further preparation, and affects the right of those who are not before the court by this appeal, it is deemed unnecessary to notice them. For the reasons indicated, the judgment of the court below as to these appellants is *reversed* and cause remanded for further proceedings consistent with this opinion. Either party should be allowed in proper time to amend the pleadings.

*N. C. Martin, for appellants.*
*W. B. Read, for appellee.*